United States District Court
Southern District of Texas
**ENTERED**
May 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ANNA CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:24-CV-00151 |
| | § | |
| MERIDIAN SECURITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Meridian Security Insurance Company's Motion to Strike Plaintiff's Experts. (Dkt. No. 23). After reviewing the filings, the record, and the applicable law, the Court **DENIES** the Motion in part and **GRANTS** it in part.

Meridian moves to strike four of Castillo's designated experts—Scott Berkenkamp, Judson Ulrich, Ana Nguyen, and Eric Dick—for failure to provide proper Rule 26 disclosures. (Dkt. No. 23 at 1–2). In her Response, Castillo de-designated Scott Berkenkamp and Ana Nguyen as expert witnesses, rendering Meridian's Motion moot as to these two individuals. (Dkt. No. 25-1 at 1). The Court therefore addresses only the remaining objections to Eric Dick and Judson Ulrich.

### I. ERIC DICK

The Court's Scheduling Order applies to all experts except those addressing attorney's fees. (*See* Dkt. No. 12 at 1) ("EXPERTS (other than attorney's fees)"). Castillo's disclosure for Eric Dick indicates that he will testify solely about reasonable attorney's fees. (Dkt. No. 23-1 at 3–7). Dick is thus subject to Rule 26(2)(D)'s default disclosure

deadline of "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(2)(D)(i).  Docket call in this case is now set for November 6, 2025. (Dkt. No. 31 at 2).

In any case, courts in the Fifth Circuit have consistently held "that attorneys testifying solely on the topic of attorneys' fees are not required to provide expert reports." *BioTE Med., LLC v. Jacobsen*, No. 4:18-CV-00866, 2020 WL 6781516, at *2 (E.D. Tex. Nov. 18, 2020) (quoting *Duininck Bros. v. Howe Precast, Inc.*, No. 4:06-CV-00441, 2008 WL 4411564, at *1 (E.D. Tex. Sept. 23, 2008)) (collecting cases)); *see also Bryan v. Union Pac. R.R.*, No. 4:19-CV-00016, 2020 WL 10051767, at *3 (W.D. Tex. Jan. 14, 2020) ("Generally . . . attorneys testifying solely on the topic of attorneys' fees are not required to provide expert reports." (quoting *Kondos v. Allstate Tex. Lloyds*, No. 1:03-CV-01440, 2005 WL 1004720, at *18 (E.D. Tex. April 25, 2005)).

Castillo's designation for Dick summarizes the subject matter of his testimony (attorney's fees), his opinion (that they are reasonable), and the basis of that opinion. (Dkt. No. 23-1 at 3–7).  That disclosure satisfies Rule 26(a)(2)(C), which governs experts who are not required to prepare a full report.  *See Madrid v. Wells Fargo Bank, N.A.*, No. 3:14-CV-00152, 2016 WL 9455141, at *7 (W.D. Tex. June 16, 2016) (applying Rule 26(a)(2)(C) to an attorney's-fees witness and noting that "courts should be wary of requiring undue detail with regard to Rule 26(a)(2)(C) designations" and that "this is especially true regarding the designations of experts who discuss attorneys' fees").

Meridian's Motion to strike Eric Dick as an expert witness is therefore **DENIED**.

## II.   JUDSON ULRICH

As to Judson Ulrich, the Court finds that Castillo's disclosure is deficient under Rule 26, regardless of whether Ulrich falls under Rule 26(a)(2)(B) or Rule 26(a)(2)(C). *Cf. Mount Calvary Int'l Worship Ctr. v. Church Mut. Ins.*, No. CV 22-04067, 2024 WL 3457543, at *3 (E.D. La. July 18, 2024) ("It is not well-settled as to whether an independent or public adjuster is a retained or non-retained expert."); *see also Jesus Church of Victoria Tex., Inc. v. Church Mut. Ins.*, 627 F.Supp.3d 715, 722–25 (S.D. Tex. 2022) (surveying the law governing retained and non-retained experts in insurance cases).

Castillo's disclosure lists only Ulrich's name and company information. (Dkt. No. 23-1 at 2–3). It does not identify any opinions Ulrich is expected to offer at trial. (*Id.*). Castillo argues that Ulrich's estimates serve as sufficient notice of his testimony, but charts and photographs—without any accompanying summary of opinions—do not satisfy Rule 26's requirements. (Dkt. No. 25-1 at 4–5). Whether an expert is retained or not, Rule 26 requires a disclosure of the expert's opinions or at least a summary of them. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C). A party may not simply provide raw data and expect the opposing side to infer what testimony might follow. The Court therefore finds Castillo's disclosure as to Judson Ulrich deficient.

Even so, Rule 37(c)(1) permits sanctions short of striking an expert entirely, including an award of "reasonable expenses, including attorney's fees, caused by the failure" to properly disclose. Fed. R. Civ. P. 37(c)(1). The Court finds that striking Ulrich as an expert would be an extreme sanction that could potentially prejudice Castillo's

ability to present her case. However, Meridian has incurred unnecessary costs in filing this motion due to the deficient disclosure.[1]

## III. CONCLUSION

Accordingly, Castillo shall have 14 days from the date of this Order to either: (1) de-designate Judson Ulrich as an expert witness; or (2) retain Ulrich as an expert witness and agree to pay Meridian's reasonable costs incurred in preparing and filing the Motion as it relates to Ulrich. If Castillo chooses the second option, she shall also provide a proper Rule 26 disclosure for Ulrich within the same 14-day period—whether she chooses to designate Ulrich as a retained or non-retained expert—and Meridian shall be permitted to depose Ulrich and designate a rebuttal expert if desired. The Parties are expected to confer in good faith as to the reasonable expenses caused by Castillo's failure to properly disclose Ulrich. If the Court is forced to weigh in, it may adjust the amount upward or downward based on either Party's failure to act in good faith.

IT IS SO ORDERED.

Signed on May 21, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Meridian's counsel attempted to address this disclosure deficiency before filing the Motion, emailing Castillo's counsel on February 3, 2025, and following up on February 7, 2025, but apparently received no response. (Dkt. No. 23-2 at 1–3).

4